## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMAUL CLAUDE**                                          **CIVIL ACTION**

**VERSUS**                                                      **NO. 18-5313**

**W.S. "SANDY" MCCAIN, WARDEN**                **SECTION: "J"(5)**

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.    *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

### Procedural History

Petitioner, Jamal Claude, is a convicted inmate currently incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana.[1]    In July 2012, he was indicted and initially pleaded not guilty to second-degree murder and obstruction of justice.[2]    In November 2012, a hearing was held on his motions to suppress identifications, statement

---

[1]  Although his federal application bears the captioned spelling "Jamaul" Claude, the Court will use the spelling "Jamal" that appears throughout the state court record and as reflected by his own signature.

[2]  State Rec., Vol. 1 of 3, Indictment; Docket Master Entries, 7/27/12 and 7/31/12.

and evidence.[3]    The motions were denied.    In May 2013, the trial court granted the State's request to use evidence of similar crimes, wrongs or acts related to an earlier aggravated battery.[4]    He sought supervisory review of these rulings to no avail.    On September 23, 2013, he agreed to plead guilty to the reduced charge of manslaughter and obstruction of justice.[5]    He was sentenced to terms of 40 years and 20 years respectively, to run concurrently.    That same day, the State filed a multiple-offender bill of information charging him as a second-felony offender.    Claude pleaded guilty to the multiple bill.    The trial court vacated the original 40-year sentence and resentenced him as a second-felony offender to a term of 40 years' imprisonment.[6]

There was no direct appeal proceeding from the guilty-plea conviction.    On or about December 1, 2014, he submitted a motion for production of documents to the state district court.    The record reflects that transcripts were provided to him.[7]    He did not file an application for post-conviction relief with the state district court until May 9, 2017.[8]    In

---

[3]   State Rec., Vol. 1 of 3, Transcript of Hearing, Exhibit D to Louisiana Fourth Circuit Writ Application, 2013-K-0081.

[4]   State Rec., Vol. 1 of 3, Transcript of Hearing, Exhibit B to Louisiana Fourth Circuit Writ Application, 2013-K-858.

[5]   State Rec., Vol. 1 of 3, Transcript of Guilty Plea Proceedings (September 23, 2013). The transcript also shows that he pleaded guilty that same date to aggravated battery in a different case (516-024), which is not at issue in these proceedings.

[6]   State Rec., Vol. 1 of 3, Docket Master Entry, 9/23/13; Transcript of Guilty Plea and Sentencing, pp. 10-15.

[7]   State Rec., Vol. 1 of 3, Docket Master Entry, 12/1/14.

[8]   State Rec., Vol. 2 of 3, Uniform Application for Post-Conviction Relief and Memorandum in Support.    Although the application is not dated, the State concedes that

that application, he claimed that trial counsel was ineffective for counseling him to enter a guilty plea when he failed to investigate fully and obtain evidence regarding the State's inability to prove that he was the shooter and for not preserving his appeal rights.    On September 14, 2017, the state district court denied his application for post-conviction relief as untimely pursuant to Louisiana Code of Criminal Procedure article 930.8.[9]    On October 17, 2017, Claude filed a supervisory writ application with the Louisiana Fourth Circuit Court of Appeal.    That application was denied on November 6, 2017.[10]    The appellate court ruled that the district court did not err in its judgment finding the application for post-conviction relief untimely.    On November 29, 2017, Claude requested a rehearing with the court of appeal.    By letter dated December 8, 2017, his motion was returned to him explaining that he was not entitled to a rehearing under Uniform Rule-Courts of Appeal, Rule

---

Claude submitted his PCR application, as he alleges, on May 9, 2017.    Rec. Doc. 20, p. 2 n. 5. *See also*, State Rec., Vol. 1 of 3, Correspondence to the trial court from Claude dated August 15, 2017; State Rec., Vol. 2 of 3, Judgment of Trial Court denying PCR signed September 14, 2017.    The State attempted unsuccessfully to compel the state district court to provide a complete original record.    Rec. Doc. 20, p. 1 n 2; State Rec., Vol. 1 of 3, State's Motion and Order for Production of Closed Record; and State Rec., Vol. 1 of 3, Letter from Criminal District Court Clerk dated November 5, 2018.    The record provided to the State was a partially reconstructed record according to the state district court because the original record could not be located.    The state record appears to suffice as far as the necessary documentation to determine timeliness.    Claude appears to concede that the federal application is untimely and argues for equitable relief.    Although he alleges in his objection that the partial record reconstruction somehow taints the documentation itself, he offers no reason why the documents reproduced by the court via its scanned documents system are "tainted" or would not otherwise suffice.

[9]    State Rec., Vol. 2 of 3, State District Court Judgment (September 14, 2017).

[10]    State Rec., Vol. 2 of 3, *State v. Claude*, 2017-K-0884 (La. App. 4th Cir. Nov. 6, 2017).

2-18.7.[11]    On January 23, 2018, Claude filed a related supervisory writ application with the Louisiana Supreme Court.[12]    On April 16, 2018, the Louisiana Supreme Court issued a writ decision stating "Writ not considered," concluding that it was untimely filed pursuant to La. S.Ct. Rule X, § 5.[13]

On May 20, 2018, Claude filed his federal application for habeas corpus relief in this Court.   He raises the same ineffective assistance claims asserted in his post-conviction relief applications.[14]    The State's response argues that the federal application is untimely and the claims are unexhausted and technically procedurally defaulted because he can no longer seek review in the state courts.[15]    Claude filed an objection disputing the timeliness argument raised by the State.[16]

## Analysis

A.  *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on

---

[11]  Rec. Doc. 1, p. 5; see also Rec. Doc. 1-1, p. 28.

[12]  State Rec., Vol. 3 of 3, Louisiana Supreme Court Application for Supervisory Writs, No. 18-KH-0218.

[13]  State Rec., Vol. 3 of 3, *State ex. Rel. Jamal Claude v. State*, 2018-KH-0218 (La. 4/16/18), 241 So.3d 299.

[14]  Rec. Doc. 1, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

[15]  Rec. Doc. 20.

[16]  Rec. Doc. 21.

which his underlying criminal judgment becomes "final."    28 U.S.C. § 2244(d)(1)(A). [17]

With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed

---

[17] Section 2244(d)(1) includes alternate provisions for other events that can trigger the commencement of the statute of limitations that contrary to Claude's suggestions do not apply in this case.    Title 28 U.S.C. § 2244(d) provides:

(1)    A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

or the time to pursue direct review expires).

> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

Claude pleaded guilty and was sentenced on September 23, 2013. His state criminal judgment became final, for federal limitations purposes, thirty days later, on October 23, 2013, because he did not seek reconsideration of the sentence or move to appeal.[18] Accordingly, the AEDPA one-year limitations period commenced on that date and expired one-year later, on October 23, 2014, unless that deadline was extended through tolling.

*B. Statutory Tolling*

The one-year limitations period is subject to statutory tolling for the time during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The docket master reflects that Claude filed nothing during the relevant one-year time-period (Oct. 23, 2013 through Oct. 23, 2014). Following his guilty plea and sentencing, Claude filed a motion for production of documents in December 2014. However, that motion requesting transcripts or other documents is not considered an application "for State post-

---

[18] *State v. Counterman*, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has 30 days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914.

conviction or other collateral review," for tolling purposes.    Rather, motions for production of documents are considered preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence.    *Higginbotham v. Tanner*, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); *Parker v. Cain*, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), *certificate of appealability denied*, No. 03-30107 (5th Cir. June 23, 2003); *Boyd v. Ward*, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), *certificate of appealability denied*, No. 01-30651 (5th Cir. Aug. 22, 2001).

Claude also filed an application for post-conviction relief in May 2017.    However, by that time, the one-year federal limitations period had long since expired.    Therefore, the post-conviction relief application could not possibly afford him any tolling benefit.    *See Madden v. Thaler*, 521 F. Appx. 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)).    Simply put, once the federal limitations period expired, "[t]here was nothing to toll."    *Butler,* 533 F.3d at 318.    Therefore, Claude is not entitled to statutory tolling credit pursuant to Section 2244(d)(2).

*C.  Equitable Tolling*

The AEDPA's one-year statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).    A petitioner seeking equitable tolling must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); *see also Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (petitioner bears the burden of proof to establish entitlement to equitable tolling).

Claude suggests that he is entitled to equitable tolling because the trial court did not notify him of the judgment or date it was rendered, he was not informed about the deadlines for preserving his rights and was abandoned by counsel.[19]    His claim as to lack of notice of judgment does not support equitable tolling.    He does not identify the judgment for which he lacked notice.    He was present and represented by counsel for the guilty plea proceedings and sentencing.    He was convicted and sentenced on that date and thus was not dependent on some purported written notice if he sought to challenge the judgment of conviction.    Nor does he cite to any legal authority supporting that proposition.

Claude also suggests that he was uninformed about deadlines for preserving his right to challenge the conviction.    He makes no specific argument in this regard.    The transcript of his guilty-plea proceedings does not show that he was informed about the deadline for seeking state post-conviction relief.    The language may have been included on the written forms executed in connection with the guilty plea and that would have sufficed as notice; however, those forms are not included in the state-court record.    State law requires that the trial court provide such information to criminal defendants at sentencing. La. Code. Crim. P. art. 930.8(C).    State courts of appeal routinely inform criminal defendants of the applicable post-conviction filing period on direct appeal as part of an error-patent

---

[19]  Rec. Doc. 1, Petition, Questions 4, 5.    *See also* Rec. Doc. 21, Objection, p. 3.

review if the notice was omitted at the state district court level.    Of course, Claude did not

seek direct review.    Nonetheless, there is no similar obligation on the part of the state

district judge to notify petitioner of any possible rights or remedies he may have under

*federal* law.    Thus, these arguments raised by petitioners regarding lack of notice under

state law or confusion about the time under state law are typically unavailing on federal

habeas review and routinely rejected by federal district courts as attempts to establish

entitlement to equitable tolling of the federal limitations period.    *See, e.g.*, *Miller v. McCain*,

Civ. Action No. 18-4724, 2019 WL 297438, at *2 (E.D. La. Jan. 23, 2019) (petitioner's

assertion that the trial court failed to inform him of the two-year limitation for filing a *state*

application for post-conviction relief has no bearing on his ability to file a *federal*

application); *Puderer v. Vannoy*, Civ. Action No. 17-324, 2018 WL 1319023, at *8 (E.D. La. Jan.

26, 2018), *adopted* 2018 WL 1287621 (March 13, 2018) (rejecting petitioner's assertions

that he mistakenly relied upon the two-year limitations period under state law or lacked

instructions as to the federal limitations period as "extraordinary circumstances" warranting

equitable tolling); *Harper v. Hubert*, Civ. Action No. 06-10556, 2008 WL 4534097, at *3 (E.D.

La. Oct. 7, 2008) (finding federal application untimely and rejecting claim that trial court's

failure to advise of prescriptive period for seeking state post-conviction relief violated

petitioner's rights).    Claude has not shown how the omission under state law, even if one

did occur, constitutes extraordinary circumstances that would support equitable tolling of

the federal limitations period.    *See Purderer*, 2018 WL 1319023, at *8 (citing *Santinac v.

Cain*, Civ. Action No. 06-6260, 2011 WL 765742, at *2 (E.D. La. Feb. 23, 2011) (Zainey, J)

(Order and Reasons) and *Cooper v. Travis*, Civ. Action No. 08-0021, 2010 WL 3523022, at *2

(E.D. La. Sept. 2, 2010)) (Africk, J) (Order and Reasons)).

Claude implies that he should be entitled to equitable tolling because he lacked the professional legal skills and knowledge to protect himself and was unfamiliar with the judicial system.    Even though pro se litigants may indeed lack sufficient legal training and knowledge of filing deadlines, it is well-settled that pro se status alone or lack of knowledge of filing deadlines does not constitute an extraordinary circumstance that justifies equitable tolling.    *See, e.g.*, *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (prisoner's pro se status and lack of knowledge of filing deadline did not warrant equitable tolling); *accord Gonzales v. Wilkinson*, 269 F. Appx. 481, 486 (5th Cir. 2008).    Neither a petitioner's "pro se status nor his unfamiliarity with the law suffices as a basis for equitable tolling."    *Madden v. Thaler*, 521 F. Appx. 316, 323 (5th Cir. 2013); *accord Nelson v. Quarterman*, 215 F. Appx. 396, 398–99 (5th Cir. 2007) ("[A] defendant's pro se status will not excuse an untimely habeas petition."); *see also Smallwood v. Cain*, Civ. Action No. 12–2812, 2013 WL 5757663, at *10 (E.D. La. Oct. 23, 2013) ("The fact that Smallwood is not educated in the law or is reliant upon assistance from inmate counsel on post-conviction does not warrant equitable tolling.").

Finally, Claude suggests that equitable tolling applies because his counsel abandoned him presumably by failing to preserve his direct appeal rights.    While complete attorney abandonment may qualify as an "extraordinary circumstance" for equitable tolling purposes, even that does not, in and of itself, excuse the petitioner from his duty of diligence. *Manning v. Epps*, 688 F.3d 177, 184 n. 2 (5th Cir. 2012) (citing *Maples v. Thomas*, 565 U.S. 266, 132 S.Ct. 912, 924, 181 L.Ed.2d 807 (2012)).    Here, the record plainly refutes any

suggestion by Claude that he exercised reasonable diligence.    The state-court record shows no attempt during the one-year period after his conviction became final to seek review of any kind.    He does not allege that he even tried to communicate with counsel about any future challenges either on appeal or post-conviction relief proceedings.    Proof of diligence is sorely lacking in this case.    For this reason alone, the argument fails.

Furthermore, even if trial counsel's failure to pursue a direct appeal on Claude's behalf could be considered abandonment, it only implicated his direct-appeal obligations and has not been shown to have impacted Claude's ability to pursue collateral relief in a timely manner.    *See Purderer*, 2018 WL 1319023, at *8 (petitioner has not shown that his counsel's actions in failing to file a direct appeal "stood in the way and prevented timely filing" for post-conviction relief) (citing *Robinson v. Davenport*, Civ. Action No. 2:15cv462-MHT, 2017 WL 2819041, at *3-4 (N.D. Ala. May 24, 2017) (equitable tolling not justified where there was no causal connection between counsel's failure to file a direct appeal and petitioner's delay in filing his habeas petition), *adopted*, 2017 WL 2819307 (M.D. Ala. June 29, 2017); *Bing v. United States*, Nos. CV415–002, CR412–084, 2015 WL 4092699, at *2 (S.D. Ga. July 6, 2015) (no causal connection between counsel's failure to file a direct appeal and petitioner's failure to pursue collateral relief in a timely fashion), *adopted*, 2015 WL 6756168 (S.D. Ga. Nov. 4, 2015), *certificate of appealability denied*, No. 15-15680 (11th Cir. May 17, 2016); *Mendoza v. Legrand*, No. 3:10–cv–00545–LRH–WGC, 2013 WL 876014, at *7-8 (D. Nev. Mar. 7, 2013) (alleged deficiency by counsel in failing to consult with petitioner regarding a direct appeal and/or state post-conviction relief did not stand in the way of and prevent the filing of a federal petition); *see also Sallie v. Chatman*, 34 F.Supp.3d 1272, 1288-

89 (M.D. Ga. 2014) (no nexus between "abandonment" and late filing of federal petition where petitioner knew counsel would not represent him 10 months before the expiration of the AEDPA statute of limitations period)).    Inexplicably, although Claude was convicted in September 2013 and requested transcripts in December 2014, he did not file his state post-conviction relief application until May 2017, or his federal application until May 2018.    For these reasons, Claude has failed to demonstrate entitlement to equitable tolling of the AEDPA's statute of limitations.[20]

### D. Actual Innocence

In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations."    *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013).    The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]"    *Id.*    To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence.    *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

---

[20]    Although not raised by Claude and only briefly mentioned by the State (Rec. Doc. 20, p. 8 n. 15), the Court notes that neither the United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) nor *Trevino v. Thaler*, 569 U.S. 413 (2013), permit Claude to avoid the application of the AEDPA statute of limitations or provide a basis for review of his untimely federal petition asserting claims of ineffective assistance of trial counsel. *See, e.g., Crawford v. Rogers*, Civ. Action No. 15-6961, 2016 WL 4530618, at *4 n. 19 (E.D. La. July 29, 2016); *Lyles v. Tanner*, Civ. Action No. 13-655, 2014 WL 4674673 (E.D. La. Sept. 17, 2014).

Claude asserts his actual innocence despite the fact that he pleaded guilty to the crimes. Even if the exception applies under these circumstances, *see Kennedy v. Tanner*, Civ. Action No. 14-655, 2015 WL 1758022, at *4 n. 24 (E.D. La. Apr. 17, 2015), he has not made a colorable showing that he is actually innocent in light of "new evidence." He arguably supports his actual innocence exception by pointing to a ballistics report that showed his hands tested negative for gun powder residue and video surveillance from inside the club, which evidence he states was in the possession of the District Attorney's Office. He says he cannot be observed in the video as a participant in a verbal altercation involving the victim inside the club, which detectives believed led to the shooting later that evening outside the club. However, the State's evidence included not only confirmation of his presence at the club that night by a security guard who recognized him from a photograph, but also two separate eyewitness identifications of Claude as the shooter.[21] Based on the purported "new" evidence of which he claims he had no knowledge at the time of his plea agreement, Claude disputes the weight or sufficiency of the evidence supporting his identity as the shooter.

However, even if the evidence that Claude himself indicates the State possessed and may have been known to his attorney at the time of the plea proceedings could be considered "new," Claude bears the burden of establishing that it is more likely than not that no reasonable juror would have convicted him in light of that new evidence. Claude's purported "new" evidence hardly satisfies the rigorous burden of proof necessary to show

---

[21]  State Rec., Vol. 1 of 3, Transcript of Motion to Suppress Hearing.

factual innocence.    He has not shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of this purported new evidence of his factual innocence.[22]    *Schlup*, 513 U.S. at 324.

### RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Claude's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[23]

New Orleans, Louisiana, this __6th__ day of _____August_____, 2019.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[22]  Having concluded that the federal application is untimely, the Court need not reach the State's alternative argument regarding technical procedural default.

[23]  *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.